UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JERRY LEE SCHMIDT | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| NATIONAL ENTERPRISE SYSTEMS, INC. | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

PLAINTIFF, JERRY LEE SCHMIDT ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, NATIONAL ENTERPRISE SYSTEMS, INC. ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

   (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

### III.  PARTIES

3. Plaintiff, JERRY LEE SCHMIDT ("Plaintiff"), is a natural person residing in Schenectady County, New York.

4. Defendant, NES - NATIONAL ENTERPRISE SYSTEMS, INC., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV.  FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt.  During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

    i. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including Defendant calling Plaintiff after 10:30 pm at night in connection with their collection of an alleged debt (§ 1692c(a)(1));

ii. Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§ 1692d(6));

iii. Falsely representing to Plaintiff that Defendant is vouched for, bonded by, or affiliated with the United States or any State, including Defendant stating that they were calling from the Legal Department of the U.S. Department of Treasury (§ 1692e(1));

iv. Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));

v. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening that Defendant had placed an alleged lien on Plaintiff's driver's license that would result in its suspension if the Plaintiff did not comply with the Defendant's repayment terms (§ 1692e(5));

vi. Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff, including Defendant stating that the alleged default of Plaintiff's repayment obligation had resulted in criminal charges (§ 1692e(7));

vii. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendant stating that Plaintiff could not re-enroll in school or

        continue his education whatsoever with any government affiliated college unless Plaintiff agreed to Defendant's oppressive repayment terms (§ 1692e(10));

   viii. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including Defendant stating to Plaintiff that the lawsuit by the U.S. Department of Treasury and the criminal charges would be withdrawn if Plaintiff agreed to Defendant's oppressive repayment terms  (§ 1692f)); and

   ix. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including providing Plaintiff with any documentation or other information whatsoever advising him of his right to dispute the debt or any portion thereof within the required statutory period (§ 1692g(a)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

Respectfully Submitted this 30th day of July, 2009.

ATTORNEY FOR PLAINTIFF
*JERRY LEE SCHMIDT*

_____
Dennis R. Kurz
NY Bar No. 4570453
***Kurz & Fortas, LLC***
80 Broad Street, 5th Floor
New York, NY 10004
(404) 856-3888
(404) 856-3892 (fax)
dkurz@kurzandfortas.com

***PLEASE SEND ALL CORRESPONDENCE TO:***

Dennis R. Kurz
Kurz & Fortas, LLC
1932 North Druid Hills Road, Suite 200
Atlanta, Georgia 30319